IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

LAWRENCE EDWARD HINCHEE, JR.,

    Plaintiff,

v.                                                                         Civil Action No.  7:25cv00034

S. RUIZ,

    Defendant.

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant S. Ruiz, by counsel, submits the following in support of her Motion to Dismiss.

Plaintiff Lawrence Edward Hinchee, Jr., ("Hinchee") is an inmate in the custody of the Virginia Department of Corrections.  Hinchee filed this action pro se, alleging that the Defendant, S. Ruiz, Grievance Coordinator at Coffeewood Correctional Center, violated the Americans with Disabilities Act ("ADA") when she wrote Hinchee an institutional disciplinary charge for inappropriate use of state property after he typed a written complaint instead of handwriting it.  Compl. (ECF No. 1) ¶ 40.  This claim was filed by Hinchee in a Complaint containing numerous unrelated claims, and this Court severed the instant claim from Hinchee's other claims in an Order entered on January 14, 2025.  *See* ECF No. 1-1.  In accordance with this Court's order, Defendant's memorandum addresses only those allegations set forth on pages 12–13 in paragraph 40 of the Complaint.

Hinchee's allegations, even if they are accepted as true, are so bare and conclusory such that they fail to state a claim under the ADA.  Furthermore, even if the Complaint did contain facts sufficient to state a claim, Hinchee is not entitled to the relief requested.  Accordingly, the

Defendant respectfully requests that the Complaint be dismissed for failure to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556–57 (2007)). In making this evaluation, the court accepts all well-pled facts as true; however, it need not assume the truth of any "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement," as these are not well-pled facts. *Nemet Chevrolet*, 591 F.3d at 255 (citing *Iqbal*, 556 U.S. at 678).

Pleadings filed by pro se litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

## ARGUMENT AND AUTHORITIES

**I.     The Complaint Does Not Allege Facts Sufficient to State a Claim Under the ADA.**

As an initial matter, there is no individual liability for a violation of the ADA. *See, e.g.*, *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) (holding there is no individual

2

liability for claims brought under the ADA). The plain language of Title II of the ADA only applies to "public entities," and not to individuals. *See* 42 U.S.C. § 12132. Because the term "public entity" as used in the ADA does not include individuals, Hinchee cannot pursue a claim against Ruiz in her individual capacity, and his claim should be dismissed. *See, e.g.*, *Wilmer v. Whitlock*, No. 3:19cv1, 2019 U.S. Dist. LEXIS 8772, at *7 (W.D. Va. Jan. 17, 2019) ("[O]nly public entities are subject to the provisions of Title II of the ADA. . . . Consequently, 'no individual . . . may be held liable under Title II of the ADA.'") (quoting *Smith v. Glanz*, 662 F. App'x 595, 597 (10th Cir. 2016)).

Even assuming that Hinchee intended to sue Ruiz in her official capacity, his allegations fail to state a plausible claim for violation of the ADA. "Title II of the ADA provides that no qualified individual shall, 'by reason of [a] disability,' be denied the benefits of public 'services, programs, or activities' or be subject to discrimination by a public entity." *Fauconier v. Clarke*, 966 F.3d 265, 276 (4th Cir. 2020) (alteration in original) (quoting 42 U.S.C. § 12132). To state a claim under Title II of the ADA, a plaintiff must allege facts plausibly asserting that: (1) he has a disability, (2) he is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) he was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of his disability. *See, e.g.*, *Cartagena v. Lovell*, 103 F.4th 171, 184 (4th Cir. 2024) (citing *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005)).

A plaintiff may pursue three distinct grounds for relief under the ADA: (1) intentional discrimination or disparate treatment, (2) disparate impact, or (3) failure to make reasonable accommodations. *Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 503 n. 5 (4th Cir. 2016) (citing *A Helping Hand, LLC v. Baltimore Cty.*, 515 F.3d 356, 362 (4th Cir. 2008)). Hinchee's

3

allegations cannot be reasonably construed as stating a claim based on intentional discrimination, disparate impact, or disparate treatment. Rather, Hinchee's claim in this case appears to be premised upon the third ground for relief, that Ruiz failed to make reasonable accommodations. However, he fails to state a claim because he does not allege that he requested a reasonable accommodation.

Hinchee alleges that on August 5, 2024,[1] the Defendant, S. Ruiz, violated the ADA when she wrote him a disciplinary charge for inappropriate use of state property after he typed a written complaint instead of handwriting it. Compl. ¶ 40. Hinchee claims this violated the ADA because he has a "torn rotator, bicep tendon, and carpal tunnel syndrome," and sometimes his arm "goes completely numb" when he is writing by hand. Hinchee does not allege that he requested a reasonable accommodation before Ruiz wrote him the charge on August 5, 2024, for using a typewriter. While Hinchee states "[s]ee request for reasonable accommodation," no request for accommodation is attached to the Complaint,[2] and Hinchee does not provide any information about his alleged request. Importantly, Hinchee does not state that the request preceded his disciplinary charge on August 5, 2024, nor does he state whether his request for a reasonable accommodation, if he made such a request, was denied. Because Hinchee fails to plead facts sufficient to show that he was discriminated against on the basis of his disability, he fails to state claim under the ADA. *See Desper v. Sanders*, No. 1:23cv1038, 2024 U.S. Dist. LEXIS 30092, at *12 (E.D. Va. Feb. 21, 2024) ("[Plaintiff] has not been discriminated against

---

[1] Hinchee alleges that the charge was written on August 8, 2024. *See* Compl. ¶ 40. However, the Disciplinary Offense Report Hinchee filed with his original Complaint shows that the charge was written on August 5, 2024. *See Hinchee v. Director John Reed, et al.*, No. 7:24cv00721, ECF No. 1-1 at p. 185.
[2] Nor is the request included in the 188 pages of exhibits attached to the original Complaint filed by Hinchee prior to this Court's Order severing his claims. *See Hinchee v. Director John Reed, et al.*, No. 7:24cv00721, ECF No. 1-1.

because he has failed to follow the established process to obtain the individualized assessment to determine if he is eligible for the alleged benefit.").

## II. Hinchee Is Not Entitled to the Requested Relief.

Even if Hinchee had alleged facts sufficient to establish a violation of the ADA, Hinchee fails to establish that he is entitled to relief. As relief for the instant claim and his many severed, unrelated claims, Hinchee seeks $70 million in damages and numerous injunctions. Compl. p. 14. However, Hinchee fails to show that he is entitled to either form of relief. As to Hinchee's request for damages, he fails to state a plausible claim for compensatory damages, and even if he had, the Defendant is entitled to sovereign immunity. As to Hinchee's requests for injunctive relief, he has not alleged sufficient facts to establish that he has standing to seek injunctive relief under the ADA, and even if he had, the injunctions requested cannot issue because they are wholly unrelated to the instant claim. Because Hinchee fails to state a claim for which he is entitled to relief, the Complaint should be dismissed.

### A. Hinchee fails to state a plausible claim for compensatory damages.

Under the ADA, a plaintiff can only recover compensatory damages for intentional discrimination. *Koon v. North Carolina*, 50 F.4th 398, 400 (4th Cir. 2022). Although the showing that requires is an "open question" in the Fourth Circuit, "it at least requires deliberate difference to the prisoner's federally protected rights." *Id.* "Deliberate indifference requires a 'deliberate or conscious choice' to ignore something." *Id.* at 406 (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

Here, the Complaint does not allege facts sufficient to establish that Ruiz acted with deliberate indifference to Hinchee's statutory rights. It cannot be reasonably inferred from the Complaint that Ruiz knew Hinchee's rights were likely being violated and nonetheless failed to help him. *See id.* at 407 ("An official must know of the dangers to federal rights and nonetheless

disregard them."); *id.* at 409 ("Deliberate indifference requires that Browning *knew* that Koon likely could not meaningfully access the library as was his right and nonetheless failed to give him a pass.") (emphasis in original).  As noted above, Hinchee does not allege that he requested a reasonable accommodation prior to August 5, 2024, or that Ruiz had otherwise been made aware of Hinchee's alleged issues with handwriting material before she wrote him a charge for using a typewriter.  While the Complaint alleges Ruiz "could have said 'hey don't do this again'" instead of writing a disciplinary charge, Compl. ¶ 40, "[i]t is not enough simply to point to what could or should have been done."  *Koon*, 50 F.4th at 406; *see also Basta v. Novant Health Inc.*, 56 F.4th 307, 317 (4th Cir. 2022) (emphasizing that deliberate indifference in this context "requires much more than a showing of pure negligence"); *Moore v. W. Ill. Corr. Ctr.*, 89 F.4th 582, 595 (7th Cir. 2023) ("To recover damages in a Title II action, a plaintiff must identify intentional conduct (and not mere negligence) by a named defendant.").  Because Hinchee fails to allege facts that demonstrate Ruiz *knew* of Hinchee's alleged disability and nonetheless failed to accommodate him, Hinchee fails to state a plausible claim for compensatory damages under the ADA.

 **B.** **Even if Hinchee had stated a plausible claim for damages, the Defendant is entitled to sovereign immunity.**

By its plain language, the ADA applies to (and thus imposes legal obligations on) public entities, including state prisons.  *See Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998).  But states, of course, are generally immune from private suits for money damages, even when those suits allege violations of federal laws like the ADA.  *See Board of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001).  However, the Supreme Court has held that "insofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity."  *United States v. Georgia*, 546 U.S. 151, 159 (2006); *see also Chase v.*

6

*Baskerville*, 508 F. Supp. 2d 492, 506 (E.D. Va. 2007), *aff'd*, 305 F. App'x 135 (4th Cir. 2008) ("[I]n the context of state prisons, Title II [of the ADA] validly abrogates state sovereign immunity and 'creates a private cause of action for damages against the states' only 'for conduct that *actually* violates the Fourteenth Amendment.'") (emphasis in original) (quoting *Georgia*, 546 U.S. at 159).

Here, Hinchee's allegations cannot reasonably be construed as stating a violation of his constitutional rights. *See* Compl. ¶ 40. Absent a constitutional violation in a state prison, a state's sovereign immunity may nevertheless be abrogated when Congress unequivocally states its desire to do so and only when it is constitutionally appropriate. *See, e.g.*, *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 484 (4th Cir. 2005). However, this, too, has its limits. Pursuant to Section 5 of the Fourteenth Amendment, Congress may "enact prophylactic legislation prohibiting conduct that is 'not itself unconstitutional,' [however] it may not substantively redefine Fourteenth Amendment protections." *Id.* (quoting *City of Boerne v. Flores*, 521 U.S. 507, 519 (1997)). Consistent with *Georgia* and absent a constitutional violation, courts should evaluate "whether Congress's purported abrogation of sovereign immunity as to [the class of conduct at issue] is nevertheless valid." *Georgia*, 546 U.S. at 159. In this case, it is not.

Hinchee's request for money damages is not "congruent and proportional" to the rights Title II attempts to enforce. This is so because "[t]he appropriateness of remedial measures must be considered in the light of the evil presented. Strong measures appropriate to address one harm may be an unwarranted response to another, lesser one." *City of Boerne*, 521 U.S. at 530. More importantly, Congress's enforcement powers are not unlimited. *Id.* at 519. Such power "extends only to 'enforc[ing]' the provisions of the Fourteenth Amendment," not redefining the "substance of the Fourteenth Amendment's restrictions on the States" altogether. *Id.* With that in mind, Congress's chosen remedies "may not work a 'substantive change in the governing law.'"

7

*Tennessee v. Lane*, 541 U.S. 509, 520 (2004) (quoting *City of Boerne*, 521 U.S. at 519). "'Regardless of the state of the legislative record,' legislation will be viewed as an unauthorized substantive change in constitutional protections where the chosen remedy 'is so out of proportion to a supposed remedial or preventive object that it cannot be understood as responsive to, or designed to prevent, unconstitutional behavior." *City of Boerne*, 521 U.S. at 532. "Any suggestion that Congress has a substantive, non-remedial power under the Fourteenth Amendment is not supported" by Supreme Court precedent. *Id.* at 528.

Allowing Hinchee's ADA claim to proceed and seek the imposition of money damages against Ruiz in her official capacity based on allegations that she violated the ADA when she wrote Hinchee a disciplinary charge for typing a written complaint would be an "unauthorized substantive change in constitutional protections." *City of Boerne*, 521 U.S. at 532. This is so because inmates have no constitutional entitlement to a particular grievance procedure. *Booker v. S.C. Dep't. of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017) ("*Adams* establishes a clear rule: inmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process, for example."). The imposition of money damages based on the allegations in the Complaint would be way out of proportion with any relief this Court could order in the context of a constitutional claim, and it should not be permitted.

C.     **Hinchee is not entitled to injunctive relief.**

In addition to money damages, Hinchee seeks various forms of injunctive relief. *See* Compl. p. 14. First, even assuming that Hinchee had sufficiently alleged that he was subjected to unlawful discrimination, he has not alleged sufficient facts to establish that he has standing to seek injunctive relief under the ADA. Because injunctions regulate future conduct, a party has standing to sue for injunctive relief only when there is a "real or immediate threat" that the party

8

will suffer an injury in the future. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Such an injury must be "imminent." *Gratz v. Bollinger*, 539 U.S. 244, 284 (2003) ("To seek forward-looking, injunctive relief, petitioners must show that they face an imminent threat of future injury."); *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."). "Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes -- that the injury is *certainly* impending." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 n.2 (2002) (emphasis in original) (internal quotation marks omitted).

Here, Hinchee fails to allege a real or immediate threat of future discrimination. Instead, Hinchee's Complaint merely describes a past occasion on which he believes he could have or should have been accommodated. *See* Compl. ¶ 40. In the absence of any allegations of a plausible threat of future harm, Hinchee lacks standing to pursue a claim for injunctive relief under the ADA. *See, e.g.*, *Griffin v. Dep't of Labor Fed. Credit Union*, 293 F. Supp. 3d 576, 579 (E.D. Va. 2018), *aff'd*, 912 F.3d 649 (4th Cir. 2019) (holding ADA plaintiff who failed to establish "a non-speculative, imminent threat of repeated future injury" lacked standing to seek injunctive relief).

Second, the injunctive relief Hinchee seeks is entirely unrelated to the instant claim. Hinchee requests that the Court order the following:

(1) "the retraining of officer concerning the rights of inmates" and "sensitivity training concerning the protection of LGBTQIA+ inmates";

9

(2) "when an inmate is extorted and his commissary taken, make the extortionist repay the person he extorted and make it [a] series one hundred charge";

(3) "a new policy that doesn't include blowing a whistle inside the building to announce count" and train officers on how this practice effects "tinnitus sufferers";

(4) that the writings Hinchee "had to mail home be allowed to be returned" without being copied or destroyed;

(5) the removal of "IRP from [Hinchee's] file";

(6) the removal of Sgt. Hooks "from her position as property officer either by termination or reassignment";

(7) the removal of "John Reed from his position at Roanoke City Probation";

(8) the demotion or termination of Sgt. Little;

(9) that "writing areas" be provided in the pods;

(10) restoration of Hinchee's voting and Second Amendment rights;

(11) that Hinchee be permitted to "publish on Vocal, medium and Kindle Vella" and reopen his social media accounts; and

(12) that Hinchee be permitted to "use the E-branch of the Roanoke public library upon [his] release."
Compl. p. 14.

These requests have no relation to Hinchee's alleged disability or his disciplinary charge for typing a written complaint instead of handwriting it, and furthermore, the requested relief is unrelated to the Defendant in this case, S. Ruiz. Injunctive relief cannot issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consol. Mines, Ltd. v. United*

*States*, 325 U.S. 212, 220 (1945). Therefore, even if Hinchee had alleged facts sufficient to state a claim and establish standing to seek injunctive relief, his requests should be denied.

## CONCLUSION

For the reasons stated herein, the Defendant respectfully requests that the Complaint be dismissed.

                                        Respectfully submitted,

                                        S. RUIZ

By:          /s/ Caitlyn B. Switzer
              Caitlyn B. Switzer, AAG, VSB #99574
              Office of the Attorney General
              Criminal Justice & Public Safety Division
              202 North 9th Street
              Richmond, Virginia 23219
              Phone: (804) 786-0030
              Fax: (804) 786-4239
              Email: cswitzer@oag.state.va.us
              *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of April 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will transmit a copy to the following CM/ECF participants: N/A

I also hereby certify that I have sent the document, postage prepaid, to the following non-CM/ECF user:

VADOC Centralized Mail Distribution Center
Lawrence Edward Hinchee, Jr., #2094675
3521 Woods Way
State Farm, Virginia 23160
*Plaintiff*

/s/ Caitlyn B. Switzer
Caitlyn B. Switzer, VSB #99574
Assistant Attorney General
*Counsel for Defendant*