CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
September 04, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Lawrence Edward Hinchee, Jr., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 7:25-cv-00034 |
| S. Ruiz, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lawrence Edward Hinchee, Jr., a Virginia inmate proceeding *pro se*, filed this action claiming a violation of the Americans with Disabilities Act ("ADA"). The claim asserted in this suit was initially filed as part of a complaint in which Hinchee alleged that 26 defendants violated a variety of laws and constitutional rights over many years at many institutions. *See Hinchee v. Reed et al.*, No. 7:24-cv-00721 (filed Oct. 21, 2024). On January 15, 2025, this court severed ten cases from Hinchee's initially filed complaint. *See id.*, Dkt. 10. This lawsuit (new action number eight in the court's severance order) involves the allegations contained in paragraph 40 of Hinchee's initial complaint. (Dkt. 1 at 12–13.)

### I.    Factual and Procedural History

Hinchee complains that Defendant S. Ruiz issued him a disciplinary charge after he used a typewriter to type a complaint rather than writing the complaint by hand. He contends that this violated the ADA because he needed to use the typewriter on account of his medical conditions. Hinchee's claim, in its entirety, is as follows:

-1-

> On August 8, 2024 S. Ruiz wrote a charge against me for inappropriate use of state property. I typed out a written complaint instead of hand-writing it. The result was a reprimand, however; she could have said "hey don't do this again." But I have a torn rotator, bicep tendon and carpal tunnel syndrome in my right hand/arm. At times when I'm writing my entire arm goes completely numb, therefore; I need to use the typewriter because of the numbness. The writing of the charge is outside the scope of her responsibilities/duties for this position. This is a violation of the Americans with Disabilities Act. See request for reasonable accommodation.

(*Id.*) Hinchee does not designate any capacity of Ruiz pursuant to which his claims are asserted. (*Id.* at 3.) Accordingly, the court has considered whether she could be held liable for the alleged violation in both her individual and official capacities. Additionally, no apparent "request for reasonable accommodation" as Hinchee references was attached to his initial complaint.

Defendant Ruiz filed a motion to dismiss and a memorandum in support thereof. (Dkts. 12, 13.) The court issued a *Roseboro* notice (Dkt. 14), but Hinchee did not file an opposition to the motion to dismiss. The court then sent a revised *Roseboro* notice (Dkt. 18) and granted Hinchee additional time to file a response opposing the motion to dismiss (Dkt. 17), but Hinchee still has not filed any response.

## II.     Standard of Review

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if

there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007)). In making this evaluation, the court accepts all well-pled facts as true; however, it need not assume the truth of any "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" as these are not well-pled facts. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### III. Analysis

Defendant Ruiz cannot be liable for a violation of the ADA in her individual capacity. A claim under ADA Title II alleging that a disabled individual did not receive reasonable accommodations must be asserted against a public entity, not an individual. *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 471 (4th Cir. 1999); *see also Brown v. Dep't of Pub. Safety & Corr. Servs.*, 383 F. Supp. 3d 519, 552 (D. Md. 2019) (collecting cases).

The analysis of an official capacity ADA claim against a prison official is more complex. A suit against a correctional officer in her official capacity is essentially a suit against the state. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Some official capacity suits under Title II of the ADA are appropriate because Congress partially abrogated the immunity of states

under the Eleventh Amendment to the United States Constitution when enacting the ADA. *See Fauconier v. Clarke*, 966 F.3d 265, 280 (4th Cir. 2020).

Hinchee did not seek injunctive relief in connection with this claim. (Dkt. 1 at 14.) But he did seek general monetary damages, (*id.*), so the court has considered whether Hinchee can maintain an official capacity claim against Ruiz for monetary damages when the conduct alleged is claimed to have violated only the ADA and not the Constitution.

The court follows precedent from this court and other federal district courts that have rejected official capacity ADA claims for monetary damages against state prison officials when the conduct is alleged to have violated only the ADA and not the Constitution itself. According to these cases, "in the context of state prisons, Title II validly abrogates state sovereign immunity and 'creates a private cause of action for damages against the States' only 'for conduct that *actually* violates the Fourteenth Amendment.'" *Chase v. Baskerville*, 508 F. Supp. 2d 492, 506 (E.D. Va. 2007) (emphasis in original) (quoting *United States v. Georgia*, 546 U.S. 151, 159 (2006)); *see also Nat'l Fed'n of the Blind of Va. v. Va. Dep't of Corr.*, No. 3:23-cv-127, 2023 WL 6812061, at *11 (E.D. Va. Oct. 16, 2023) (citing *Chase* and *Georgia* and finding that "as far as money damages are concerned under Plaintiffs' ADA claims, the States' sovereign immunity has not been abrogated and Plaintiffs' claims for money damages are barred").

Therefore, a court properly dismisses an official capacity claim for monetary damages under the ADA when the conduct is not alleged to have violated the Constitution. Hinchee does not allege a constitutional violation in connection with this claim, and the facts alleged

do not indicate a viable claim of a constitutional violation.[1]  Therefore, the court follows prior decisions of this court dismissing such claims.  *See, e.g.*, *Neamo v. Clarke*, No. 7:23-cv-00109, 2024 WL 922995, at *2 (W.D. Va. Mar. 4, 2024); *Sims v. Marano*, No. 7:18-cv-00014, 2020 WL 591566, at *5–6 (W.D. Va. Feb. 6, 2020).

### IV.  Conclusion and Order

For these reasons, Hinchee's complaint fails to allege any plausible claim of entitlement to relief against Defendant Ruiz.  Accordingly, the court **GRANTS** Defendant's motion to dismiss, and **DISMISSES** this action.

The Clerk is **DIRECTED** to provide a copy of this Memorandum Opinion and Order to Hinchee.

**IT IS SO ORDERED**.

**ENTERED** this 4th day of September, 2025.

*/s/ Jasmine H. Yoon*

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

---

[1] To state a claim of a violation of the Eighth Amendment's prohibition against cruel and unusual punishment as enforced against states through the Fourteenth Amendment, Hinchee would need to establish that the alleged conduct of Ruiz was "sufficiently serious" when measured by an objective standard and that she had a "sufficiently culpable state of mind," that is, "deliberate indifference to inmate health or safety," when measured by a subjective standard.  *Miller v. Clark*, No. 3:11-cv-00557, 2011 WL 6955512, at *2 (S.D.W. Va. Dec. 9, 2011) (internal quotation marks omitted) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).